JUDGE FORREST

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

# 13 CIV 5561

WILLIAM BLAND,

                   Plaintiff,

   -against-

THE CITY OF NEW YORK; POLICE OFFICER
KOUYING LOO, Shield No. 28817; JOHN DOES;
and RICHARD ROES,

                   Defendants.
-------------------------------------------------------------x

**COMPLAINT**

**JURY TRIAL DEMANDED**

RECEIVED
AUG 0 9 2013
U.S.D.C. S.D. N.Y.
CASHIERS

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which the plaintiff WILLIAM BLAND seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its First, Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.     This action is brought pursuant to the Constitution of the United States, including its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.     The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to

1

claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.    Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5.    Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.    Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on July 25, 2012.  More than 30 days have elapsed since service of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7.    Plaintiff WILLIAM BLAND was at all times relevant herein a resident of the State of New York, New York County.  Plaintiff WILLIAM BLAND is African-American.

8.    Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

2

9.    Defendants POLICE OFFICER KOUYING LOO, Shield No. 28817 and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK.  Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  POLICE OFFICER KOUYING LOO, Shield No. 28817 and JOHN DOES are sued individually and in their official capacity.

10.    Defendants RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command.  Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants RICHARD ROES are sued individually and in their official capacity.

3

## STATEMENT OF FACTS

11.      On May 13, 2012, approximately 2:00 a.m., Plaintiff was at a party at his friend's apartment at 72 West 109th Street, # 5C, NY, NY.

12.      The party was a lawful social gathering in a private home, and there was no illegal activity taking place.

13.      There was no legitimate reason for any member of the New York City Police Department to think that there was any illegal activity taking place at the party.

14.      Music was playing at the party at a reasonable volume.

15.      A JOHN DOE officer – on information and belief of Hispanic ethnicity - of the New York City Police Department entered the apartment, without permission, cause or justification.

16.      Other JOHN DOES officers were in the doorway and in the hallway directly outside the apartment.

17.      Plaintiff, in sum and substance, inquired as to what right the officers had to enter the apartment.

18.      The Hispanic JOHN DOE officer stated, in sum and substance, that the officers could do whatever the fuck they wanted, and that everyone at the party had to leave.

19.      Plaintiff stated, in sum and substance, that the people at the party had a right to be there.

20.      Plaintiff was illegally seized, handcuffed, and manhandled by the approximately four JOHN DOES officers of the New York City Police Department – including, on information and belief, Defendant LOO – present at the location, without cause or justification.

4

21.     Plaintiff repeated a number of times, in sum and substance, that he had a right to be at the party.

22.     The Hispanic JOHN DOE officer yelled at Plaintiff and told Plaintiff to shut up.

23.     The Hispanic JOHN DOE officer tightened Plaintiff's handcuffs in a sadistic manner.

24.     When Plaintiff complained that the handcuffs were too tight and asked that they be loosened, the Hispanic JOHN DOE officer said, in sum and substance, that the police would loosen them when the police wanted to.

25.     Plaintiff was then taken to the NYPD 24th Precinct.

26.     Plaintiff complained that his right shoulder and his wrists were hurting him from being manhandled by the JOHN DOE officers, and asked to go to the emergency room.

27.     An ambulance came to the precinct, and Plaintiff was taken in police custody to Roosevelt Hospital.

28.     After being seen at the emergency room, Plaintiff was taken back to the 24th Precinct.

29.     At approximately 7:00 a.m., Plaintiff was taken to Manhattan Central Booking.

30.     Plaintiff was held at Manhattan Central Booking until approximately 7:00 or 8:00 p.m.

31.     False charges of Obstruction of Governmental Administration in the Second Degree and Disorderly Conduct were forwarded by the defendant officers to the District Attorney for New York County's office under Arrest No. M2012643076.

32.     The District Attorney's office declined to prosecute Plaintiff concerning Arrest No.

M2012643076.

33.     Plaintiff had also falsely been issued a summons when he was at the 24th Precinct,

signed by Defendant LOO, for Disorderly Conduct under Summons No. 432878823-1.

34.     The summons falsely charged as follows:

> At TPO [time and place of occurrence] Def [Defendant] was intructed [sic] to cease his loud and boisterous actions and Def refuse to comply with officers request.

35.     The Disorderly Conduct charge against Plaintiff stemming from the summons was

dismissed in its entirety on July 25, 2012 at the New York City Criminal Court Summons Part at

346 Broadway.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

36.     The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

37.     By their conduct and actions in seizing plaintiff, searching plaintiff, falsely arresting

and imprisoning plaintiff, assaulting and battering plaintiff, maliciously prosecuting plaintiff,

abusing process against plaintiff, trespassing upon plaintiff, violating rights to equal protection of

plaintiff, violating rights to due process of plaintiff, violating and retaliating for plaintiff's exercise

of his rights to free speech and assembly, failing to intercede on behalf of the plaintiff and in

failing to protect the plaintiff from the unjustified and unconstitutional treatment he received at the

hands of other defendants, defendants LOO, DOES and/or ROES, acting under color of law and

without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a

6

reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth amendments.

38.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

39.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

40.     By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants RICHARD ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth amendments.

41.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

## LIABILITY OF DEFENDANT THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

42.     The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

43.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

44.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

45.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of and/or retaliation for individuals' exercise of free speech in a manner that affronts police officers or is interpreted by police officers as challenging their authority.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

46.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other

law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence." Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

47.    At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in unconstitutional and overly aggressive stops and frisks, which are implemented disproportionately upon people of color. Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

48.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

49.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

50.    The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of the defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

51.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

### ASSAULT AND BATTERY

52.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

53.     By the actions described above, defendants did inflict assault and battery upon the plaintiff. The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

54.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

### FALSE ARREST AND FALSE IMPRISONMENT

55.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

56.     By the actions described above, defendants caused plaintiff to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common

10

law rights as guaranteed by the laws and Constitution of the State of New York.

57.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

## MALICIOUS PROSECUTION

58.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

59.     By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

60.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

## ABUSE OF PROCESS

61.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

62.     By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts.  The purpose of activating the process was intent to harm plaintiff without economic or social excuse

11

or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

63.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

### VIOLATION OF RIGHT TO EQUAL PROTECTION OF LAW

64.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

65.     By the actions described above, defendants violated plaintiff's rights to equal protection of law.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

66.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

### VIOLATION OF AND RETALIATION FOR THE EXERCISE
### OF RIGHTS TO FREE SPEECH AND ASSEMBLY

67.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

68.     By the actions described above, defendants violated, and retaliated for the exercise of, the free speech and assembly rights of plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

69.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

### TRESPASS

70.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

71.     The defendants willfully, wrongfully and unlawfully trespassed upon the person of plaintiff.

72.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## TWELFTH CLAIM

### INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

73.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

74.     By the actions described above, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally and/or negligently caused emotional distress to plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

75.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

### THIRTEENTH CLAIM

### NEGLIGENCE

76.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

77.     The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

78.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

### FOURTEENTH CLAIM

### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

79.     The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

80.     Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

81.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FIFTEENTH CLAIM

## CONSTITUTIONAL TORT

82.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

83.     Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6, 8, 9, 11 and 12 of the New York State Constitution.

84.     A damages remedy here is necessary to effectuate the purposes of §§ 6, 8, 9, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

85.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

15

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated:      New York, New York
            August 9, 2013

                              JEFFREY A. ROTHMAN, Esq.
                              315 Broadway, Suite 200
                              New York, New York 10007
                              (212) 227-2980

                              Attorney for Plaintiff